693 A.2d 168

KUEHNE CHEMICAL CO., INC., PLAINTIFF–RESPONDENT–CROSS–APPELLANT, v. NORTH JERSEY DISTRICT WATER SUPPLY COMMISSION, DEFENDANT–APPELLANT–CROSS–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued April 7, 1997—Decided May 9, 1997.

434

Before Judges PETRELLA, WALLACE and KIMMELMAN.[1]

*Ralph J. Salerno* argued the cause for appellant (*Salerno, Cozzarelli, Mautone, DeSalvo & Nussbaum,* attorneys; *Mr. Salerno,* of counsel; *Robert Ricci, Jr.,* on the brief).

*Bruce P. Ogden* argued the cause for respondent (*Lindabury, McCormick & Estabrook,* attorneys; *Mr. Ogden,* on the brief).

The opinion of the court was delivered by

PETRELLA, P.J.A.D.

The North Jersey District Water Supply Commission (Commission) appeals from the grant of a summary judgment in favor of Kuehne Chemical Co., Inc. (Kuehne) which ordered it to permit public inspection and copying of bids submitted to it after the public opening of those bids, and prior to the formal award of the contract. The Commission contends that the bids were neither statutory nor common law public records and that the issue was not justiciable as moot. Although the judge entered the order requested, Kuehne cross-appeals the judge's dismissal of counts one and two of its complaint as moot.

On this appeal, the Commission argues that Kuehne is not entitled to inspect and copy the bids under either the Right–to–Know Law or the common law. Alternatively, it argues that even

---

[1] Judge Kimmelman did not participate in oral argument. However, the parties consented to his participation in the decision.

*assuming entitlement to inspect and copy the bid documents*, the issue is now moot because Kuehne was given the opportunity to do so after all bids were rejected. Finally, the Commission argues that the judge's award of $135 in taxed costs and $500 in attorneys' fees was not authorized by statute.

We conclude that the bids qualify as both statutory and common law public records, especially in light of the public policy considerations underlying public bidding, and affirm. In doing so, we decline to foreclose relief on procedural grounds where the issues involve questions of public policy and are likely to recur.

The facts of the case are uncomplicated and need only be briefly stated. On September 27, 1995, the Commission opened bids from vendors seeking to supply liquid chlorine. Kuehne's competitor, Allied Universal Corp. (Allied), submitted the lowest bid. Kuehne was the second lowest bidder of the four bids received. A day after the bids were opened, Kuehne requested an inspection of the other bidders' documents. The Commission took the position that the bids were not public documents and would not be made available. The Commission also indicated that it was denying the request for inspection on grounds of general administrative inconvenience, its long-standing policy of denying access, the danger of sabotage or pilferage, and the possibility of frivolous challenges to contract awards. After Kuehne's efforts to inspect the bid documents were rejected, it instituted suit.

Subsequently, the Commission determined that Allied's bid did not comply with bid requirements, and as a result all bids were rejected and the contract was rebid.[2] The Commission informed Kuehne of its action and then permitted it to review the rejected bids.

---

[2] Although not in the record, we were informed at oral argument by the Commission's attorney that the bid for this particular contract eventually was awarded to Kuehne.

## I.

■ New Jersey has a tradition of "openness and hostility to secrecy in government." *North Jersey Newspapers Co. v. Passaic County Board of Chosen Freeholders,* 127 *N.J.* 9, 16, 601 *A.*2d 693 (1992). Our public policy favors "access to sufficient information to enable the public to understand and evaluate the reasonableness of the public body's action." *South Jersey Publishing Co., Inc. v. New Jersey Expressway Authority,* 124 *N.J.* 478, 494–495, 591 *A.*2d 921 (1991).

■ Here, Kuehne sought inspection of bids after they all had been submitted and opened, but prior to the awarding of the corresponding public contract. The Right-to-Know Law embodies a public policy that, except for certain exceptions made in the public interest (none of which apply here), citizens should have ready access to public records for examination. *N.J.S.A.* 47: 1A–1. Public records are deemed to be:

> all records which are required by law to be made, maintained or kept on file by any board, body, agency, department, commission or official of the State or any political subdivision thereof or by any public board, body, commission or authority created pursuant to law by the State or any of its political subdivisions, or by any official acting for or on behalf thereof....
>
> [*N.J.S.A.* 47:1A–2.]

This statutory definition is narrower than the common law definition of public records. *Higg–A–Rella, Inc. v. County of Essex,* 141 *N.J.* 35, 44, 660 *A.*2d 1163 (1995); *Atlantic City Convention Center Authority v. South Jersey Publishing Co., Inc.,* 135 *N.J.* 53, 60, 637 *A.*2d 1261 (1994). Once a document qualifies as a statutory public record, a citizen has a right to inspect it, copy it by hand, or purchase a prepared copy of it. *N.J.S.A.* 47:1A–2; *Higg–A–Rella, Inc. v. County of Essex, supra,* 141 *N.J.* at 43, 660 *A.*2d 1163.

■ The trial judge applied *N.J.S.A.* 47:1A–2 and concluded that the bids were an essential part of the bidding process required by statute. The judge's application was proper given the legislative mandate to the Commission. In 1916, the Legislature created the North Jersey Water Supply District to be overseen by

the Commission. *N.J.S.A.* 58:5–1 and –5. The enabling legislation (*N.J.S.A.* 58:5–1 to –30) sets forth the applicable authority and limitations, including the responsibility to keep accurate accounts of receipts and disbursements, and report the same to constituent municipalities. *N.J.S.A.* 58:5–8. The Commission is empowered to hire necessary employees and purchase necessary materials, *N.J.S.A.* 58:5–16, and directed to obtain public bids for labor and materials exceeding the statutory amount ($7,500, which is periodically adjusted for increases in the Consumer Price Index), with the bids being opened publicly at a Commission meeting. *N.J.S.A.* 58:5–20. The necessity of publicly opening bids and simultaneously announcing their amounts "promotes integrity and faith in the process." *Statewide Hi–Way Safety, Inc. v. N.J. Dep't of Transportation,* 283 *N.J.Super.* 223, 232, 661 *A.*2d 826 (App.Div. 1995).

The Commission contends that *N.J.S.A.* 58:5–8 does not require it to keep records of bids, but only of "receipts and disbursements." This argument overlooks the public bidding requirement of *N.J.S.A.* 58:5–20, which specifically requires that submitted bids be opened publicly, evaluated and maintained. Hence, it is clear that the Right–to–Know Law applies.

However, even apart from the Right–to–Know Law, it is apparent that the requested documents also qualify as common law public records. *Keddie v. Rutgers, the State University,* 148 *N.J.* 36, 49, 689 *A.*2d 702 (1997) (explaining that all Right–to–Know Law records are common law public records); *Techniscan Corp. v. Passaic Valley Water Commission,* 113 *N.J.* 233, 236, 549 *A.*2d 1249 (1988); *Home News Publishing Co. v. State,* 224 *N.J.Super.* 7, 16, 539 *A.*2d 736 (App.Div.1988). The common law definition of public record is broader than the statutory definition. *Home News v. State, Dep't of Health,* 144 *N.J.* 446, 453, 677 *A.*2d 195 (1996). Under the common law, public records are deemed to be those records which are required to be made or kept by public officials in the exercise of public functions. *Higg–A–Rella, Inc. v. County of Essex, supra,* 141 *N.J.* at 46, 660 *A.*2d 1163; *North*

*Jersey Newspapers Co. v. Passaic County Board of Chosen Free-holders, supra,* 127 *N.J.* at 13, 601 *A.*2d 693. Writings which are common law records are kept to memorialize what was written, said or done. Our cases have indicated that:

> These materials include almost every document recorded, generated or produced by public officials whether or not "required by law to be made, maintained or kept on file," as required by the [Right-to-Know Law].
>
> [*Shuttleworth v. City of Camden,* 258 *N.J.Super.* 573, 582, 610 *A.*2d 903 (App. Div.), (quoting *N.J.S.A.* 47:1A-2), *certif. denied,* 133 *N.J.* 429, 627 *A.*2d 1135 (1992).]

Here, the bids are writings that were filed in a public office. The fact that they were prepared and submitted by private entities seeking a governmental contract, rather than by a public official, does not remove them from the ambit of the Act. When a statute or regulation requires a document to be submitted by a citizen to the government, that submission qualifies as a public record. *Irval Realty, Inc. v. Board of Public Utility Commissioners,* 61 *N.J.* 366, 375, 294 *A.*2d 425 (1972). Other cases recognize that a public record includes "a writing filed in a public office." *See Keddie v. Rutgers, the State University, supra,* 148 *N.J.* at 49, 689 *A.*2d 702; *Higg-A-Rella, Inc. v. County of Essex, supra,* 141 *N.J.* at 46, 660 *A.*2d 1163; *South Jersey Publishing Co., Inc. v. New Jersey Expressway Authority, supra,* 124 *N.J.* at 487, 591 *A.*2d 921; *Nero v. Hyland,* 76 *N.J.* 213, 222, 386 *A.*2d 846 (1978); *Shuttleworth v. City of Camden, supra,* 258 *N.J.Super.* at 582, 610 *A.*2d 903.

█ The right to access public records under the common law requires that the person seeking access to the record "establish an interest in the subject matter of the material." *South Jersey Publishing Co., Inc. v. New Jersey Expressway Authority, supra,* 124 *N.J.* at 487, 591 *A.*2d 921. This right "must be balanced against the State's interest in preventing disclosure." *Higg-A-Rella, Inc. v. County of Essex, supra,* 141 *N.J.* at 46, 660 *A.*2d 1163.

█ An interest in ensuring the public entity's compliance with applicable law is sufficient to satisfy the personal interest

requirement. *Shuttleworth v. City of Camden, supra,* 258 *N.J.Super.* at 583, 610 *A.*2d 903. Indeed, even an interest as a citizen monitoring a public issue has been found to be a sufficient interest to examine public records. *South Jersey Publishing Co., Inc. v. New Jersey Expressway Authority, supra,* 124 *N.J.* at 487, 591 *A.*2d 921. As a competing bidder, Kuehne has a personal interest in the accuracy and completeness of its competitors' bids. *Cf. Irval Realty, Inc. v. Board of Public Utility Commissioners, supra,* 61 *N.J.* at 375, 294 *A.*2d 425 (litigants preparing a claim for damages had "clear personal interest" in reviewing agency's reports on gas explosion).

In the bidding context, the public interest has consistently been emphasized:

> A major objective of all public bidding statutes has been to promote the honesty and integrity of those bidding and of the system itself. Bidding statutes are for the benefit of the taxpayers and are construed as nearly as possible with sole reference to the public good. Their objects are to guard against favoritism, improvidence, extravagance and corruption; their aim is to secure for the public the benefits of unfettered competition. [*Keyes Martin & Co. v. Director, Division of Purchase and Property,* 99 *N.J.* 244, 256, 491 *A.*2d 1236 (1985) (quoting *Terminal Construction Corp. v. Atlantic County Sewerage Authority,* 67 *N.J.* 403, 409–410, 341 *A.*2d 327 (1975))].

This policy is in part implemented by public announcement of the amounts and terms of the bids. *Statewide Hi–Way Safety, Inc. v. N.J. Dep't of Transportation, supra,* 283 *N.J.Super.* at 230, 661 *A.*2d 826.

It is thus clear that Kuehne has standing and that the requested document is a public record. As to balancing Kuehne's interest in the information against the public interest in confidentiality, we must consider whether the "demand for inspection is 'premised upon a purpose which tends to advance or further a wholesome public interest or a legitimate private interest.'" *Loigman v. Kimmelman,* 102 *N.J.* 98, 112, 505 *A.*2d 958 (1986). The Commission attempts to tip the balance in its favor by asserting that confidentiality is administratively convenient to it because it forestalls competitors from asserting frivolous objections. Additionally, the Commission contends that it possesses superior ability to

evaluate bids and that no harm will come from delaying access to bids until after the formal award of the contract.

In·the absence of a governmental need for confidentiality, disclosure is ordinarily warranted and required. *See Higg-A-Rella, Inc. v. County of Essex, supra,* 141 *N.J.* at 48, 660 *A.*2d 1163; *Loigman v. Kimmelman, supra,* 102 *N.J.* at 105, 505 *A.*2d 958. The Commission's confidentiality for convenience sake argument is insufficient to overcome the public policy requirement that the bidding process be open and subject to scrutiny to prevent the possibility of fraud or impropriety. *See Statewide Hi-Way Safety, Inc. v. N.J. Dep't of Transportation, supra,* 283 *N.J.Super.* at 230, 661 *A.*2d 826 (explaining public announcement of bid amount and terms are material requirements for public bidding).

## II.

The Commission also contends that the complaint should have been dismissed because it already afforded Kuehne the opportunity to inspect the bids after they were all rejected, and also on the ground that Kuehne erroneously sought declaratory judgment, rather than relief in a prerogative writ action as required by the Right-to-Know Law (*N.J.S.A.* 47:1A-4). While the complaint sought declaratory relief, its caption was denominated as an "action in lieu of prerogative writ." [3] In any event, our practice and procedures have long since passed the era of form over substance. Our cases have treated actions under the Right-to-Know Law as properly instituted rather than to dismiss merely because of an improper procedural posture. *See Irval Realty, Inc. v. Board of Public Utility Commissioners, supra,* 61 *N.J.* at 376, 294 *A.*2d 425; *Bzozowski v. Pennsylvania-Reading*

---

[3] The verified complaint as originally filed and the amended complaint both bore the designation "(action in lieu of prerogative writ)" in the caption. However, the case did not receive a prerogative writ docket number. The complaint was subsequently amended to add what was in effect a claim for declaratory relief with respect to the public records request.

*Seashore Lines,* 107 *N.J.Super.* 467, 469, 259 *A.*2d 231 (Law Div.1969). We are convinced that the public record issue was adequately raised and initially instituted with the intent to have the complaint heard as a prerogative writ action despite the complaint's and the order's reference to declaratory relief.

As to mootness, even when issues presented are technically moot, we may nonetheless address them on their merits when they involve matters of particular public interest. *See In re Application of Boardwalk Regency Corp. for Casino License,* 90 *N.J.* 361, 368, 447 *A.*2d 1335, *appeal dismissed sub nom.,* 459 *U.S.* 1081, 103 *S.Ct.* 562, 74 *L. Ed.*2d 927 (1982); *In re Geraghty,* 68 *N.J.* 209, 212–213, 343 *A.*2d 737 (1975). This is particularly true when the issue is one likely to recur, yet likely to evade judicial review. *New Jersey Div. of Youth and Family Services v. J.B.,* 120 *N.J.* 112, 118–119, 576 *A.*2d 261 (1990); *In re Farrell,* 108 *N.J.* 335, 347, 529 *A.*2d 404 (1987). Notwithstanding the fact that the Commission allowed Kuehne to inspect the bids after they were all rejected, the Commission still adheres to its policy of denying inspection of bids before formally awarding a contract. This policy continued through the rebid process in this case. Given the strong public policy of openness in bidding and the usually short time frame between bid opening and contract award, it is obvious that the issue is likely to reoccur and likely to evade review. Thus, we are satisfied that the motion judge appropriately reached the merits of Kuehne's cause of action, even though he need not have dismissed the first two counts of the complaint.

### III.

Finally, as to the award of counsel fees and costs in the amount of $635, the Commission draws too narrow a threshold for the statutory counsel fee award. Under *N.J.S.A.* 47:1A–4, it is clear that if the trial judge had simply ordered the Commission to provide Kuehne with access to the bids, Kuehne would have been

entitled to counsel fees under that statute.[4]  Merely because the judgment purported to give declaratory relief is not a basis to deny the award here.  Moreover, because the judge's ruling was appropriate as a substantive ruling, even if the issue was considered moot but subject to recurrence, the award of costs and counsel fees fell within the statute.  *See Shuttleworth v. City of Camden, supra,* 258 *N.J.Super.* at 597–598, 610 *A.2d* 903 (court may consider award of fees and costs under Right–to–Know Law even when inspection ultimately is ordered on another basis).

Affirmed.

---

[4] *N.J.S.A.* 47:1A–4 provides in pertinent part:

Any such citizen of this State who has been or shall have been denied for any reason the right to inspect, copy or obtain a copy of any such record as provided in this act may apply to the Superior Court of New Jersey by a proceeding in lieu of prerogative writ for an order requiring the custodian of the record to afford inspection, the right to copy and to obtain a copy thereof, as provided in this act.  A plaintiff in whose favor such an order issues shall be entitled to taxed costs and may be awarded a reasonable attorney's fee not to exceed $500.00.  A defendant who prevails in preventing the issuance of such an order shall be entitled to taxed costs.